*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Sergio ROCHA, Jr.**
Master Gunnery Sergeant (E-9), U.S. Marine Corps
*Appellant*

**No. 202300263**

_____

Decided: 28 August 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Eric M. Catto

Sentence adjudged 17 July 2023 by a general court-martial convened at Marine Corps Base Hawaii, Hawaii, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 18 months, and a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Colonel Matthew E. Neely, USMC*

---

[1] Appellant was credited with having served 265 days of pretrial confinement.

For Appellee:
*Lieutenant Michael A. Tuosto, JAGC, USN*

———————————————

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

———————————————

PER CURIAM:

A military judge sitting alone as a general court-martial convicted Appellant pursuant to his pleas of one specification of wrongfully possessing child pornography, in violation of Article 134, Uniform Code of Military Justice [UCMJ].[2] Appellant asserts one assignment of error pursuant to *United States v. Grostefon*:[3] Is the bad-conduct discharge portion of his sentence inappropriately severe? We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant served on active duty in the United States Marine Corps for over 28 years. He enlisted in the Marine Corps on 17 January 1995. Appellant's military record demonstrates nearly 3 decades of outstanding service to his country and the Marine Corps, several deployments into a combat zone to include two to Iraq in support of Operation Iraqi Freedom and one to Afghanistan in support of Operation Enduring Freedom, and promotion to and success at the highest enlisted ranks.

Juxtaposed with Appellant's excellent military record, however, is his guilty plea that forms the basis of this appeal. Appellant pleaded guilty to possessing images of child pornography that contained children in sexual poses identified as being between 12 and 15 years old. The maximum punishment authorized by law in Appellant's case, based solely on his guilty plea, was 10 years confinement, a dishonorable discharge, total forfeiture of pay and allowances, and reduction to E-1.

Appellant entered into a plea agreement with the convening authority that contained the following limitations on punishment: a punitive discharge may be adjudged; confinement shall be adjudged for a minimum of 12 months and

---

[2] 10 U.S.C. § 934.

[3] *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

a maximum of 36 months; no forfeitures shall be adjudged; if a punitive discharge is adjudged, reduction to E-1 shall be adjudged; if a punitive discharge is not adjudged, reduction between the paygrades of E-3 and E-7 shall be adjudged; and no other lawful punishments will be imposed. The plea agreement also included the provision, "[T]he convening authority agrees to suspend under [Rule for Courts-Martial] 1109(f) any portion of my sentence that the military judge recommends suspending in the Statement of Trial Results."[4] The military judge sentenced Appellant to 18 months of confinement, reduction to the grade of E-1, and a bad-conduct discharge.

## II. DISCUSSION

Appellant asserts his otherwise exemplary 28-year record of service, the nature and seriousness of his offense, and all the matters contained within the record lead to the conclusion that the bad-conduct discharge portion of his sentence is inappropriately severe and should be set aside. We disagree.

We review sentence appropriateness de novo.[5] This Court may only affirm "the sentence, or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved."[6] In exercising this function, we seek to assure that "justice is done and that the accused gets the punishment he deserves."[7] The review requires an "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender."[8] We have significant discretion in determining sentence appropriateness, but may not engage in unfettered acts of clemency.[9]

A court-martial may adjudge any punishment authorized, except "[i]f the military judge accepts a plea agreement with a sentence limitation, the court-martial shall sentence the accused in accordance with the limits established

---

[4] App. Ex. XXII. at 4, para. 9a.

[5] *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).

[6] Article 66(d)(1), UCMJ.

[7] *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

[8] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted).

[9] *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

by the plea agreement."[10] Additionally, "[T]he punishment which a court-martial may direct for an offense may not exceed such limits as the President may prescribe for that offense."[11] Given the terms of Appellant's plea agreement and the sentence adjudged, we find that the adjudged sentence did not exceed the maximum allowable sentence under the UCMJ, nor did it exceed the terms of the plea agreement.

Appellant committed serious misconduct. Appellant possessed child pornography (digital images of minors, or what appeared to be minors, engaged in sexually explicit conduct). Appellant entered a stipulation of fact that described the images in detail and how he labeled or catalogued the various images.[12] He also stipulated that four of the images he possessed are from known minors identified by the National Center for Missing and Exploited Children and that he intentionally searched for pictures of children under the age of 18. Under these circumstances, a bad-conduct discharge, which is "less severe than a dishonorable discharge and designed as a punishment for bad-conduct," is appropriate.[13] The military judge's imposition of a discharge that Appellant specifically agreed could be approved as adjudged is not inappropriately severe.[14]

Appellant requested that the military judge not impose a punitive discharge or, if he did, that the military judge make a recommendation to the convening authority to suspend the discharge.[15] The military judge, having heard and seen all of the evidence, granted neither request.[16] The record shows Appellant's punishment was the predictable result of his plea agreement that

---

[10] R.C.M. 1002(a)(2).

[11] Article 56(a), UCMJ.

[12] Pros. Ex. 1 (Stipulation of Fact).

[13] R.C.M. 1003(b)(8)(C).

[14] *See United States v. Avellaneda*, 84 M.J. 656 (N-M. Ct. Crim. App. 2024) (although not dispositive, when an accused who is represented by competent counsel bargains for a specific sentence, that is strong evidence that the sentence is not inappropriately severe, and it will likely not be disturbed on appeal).

[15] R. at 242.

[16] Entry of Judgment at para. 14 and Statement of Trial Results at para. 25. (The military judge did not recommend suspension of the bad-conduct discharge or other portion of the sentence).

he negotiated and voluntarily entered into with the convening authority.[17] Appellant voluntarily chose to plead guilty in accordance with the specific terms of an agreement he freely negotiated. As we have previously stated, "we generally refrain from second guessing or comparing a sentence that flows from a lawful pretrial agreement."[18] Accordingly, we find Appellant's assignment of error to be without merit.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[19]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[17] *United States v. Bocage*, No. 202000206, 2022 CCA LEXIS 311 at *7 (N-M. Ct. Crim. App. May 25, 2022) (unpublished).

[18] *United States v. Widak*, No. 201500309, 2016 CCA LEXIS 172 at *7 (N-M. Ct. Crim. App. Mar. 22, 2016) (unpublished) (citation omitted); *but see United States v. Kerr*, No. 202200140, 2023 CCA LEXIS 434 (N-M. Ct. Crim. App. Oct. 17, 2023) (unpublished) (setting aside bad-conduct discharge that resulted from a failure of the plea bargaining process).

[19] Articles 59 & 66, UCMJ.